UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 14-153 |
| AKARI WILLIAMS, ET AL. | SECTION: "E" (4) |

## ORDER AND REASONS

Before the Court is the Government's motion *in limine* to preclude the defense from attacking the credibility of Government witnesses on the basis of alleged misconduct by non-testifying officers.[1] Specifically, the Government argues the Defendants should be precluded from introducing evidence regarding former Narcotics Unit Supervisor for the Terrebonne Parish Sheriff's Office, Darryl B. Stewart.[2] Although Stewart recently pleaded guilty to theft of federal funds, the Government argues he will not be called as a witness and therefore testimony and argument relating to his recent guilty plea are irrelevant to the charges in this case. Defendant Thompson opposes the Government's motion.[3] Specifically, Defendant Thompson states he plans to call Stewart as a witness as Stewart is a relevant fact witness in this case.[4]

As the Government correctly identifies, "Evidence and argument concerning misconduct by non-testifying officers has been prohibited previously in the Eastern District of Louisiana."[5] The Government explains that in *United States v. Harris*, the court "ruled that '[g]eneral police misconduct,' even if relevant under Rule 402, was not appropriate for presentation to the jury while 'evidence of misconduct of the officers who

---

[1] R. Doc. 167.
[2] R. Doc. 167-1, at 1.
[3] R. Doc. 176.
[4] *Id.* at 1.
[5] R. Doc. 167-1.

testify would be relevant.'"[6] The *Harris* court found admission of evidence and testimony regarding general NOPD misconduct "would create the danger that the jury would conclude that NOPD witnesses are not telling the truth due to widespread misconduct throughout the police department."[7] The *Harris* court then explained:

> On the other hand, evidence of misconduct of the officers who testify would be relevant because it would be probative as to their truthfulness *vel non* . . . . Additionally, such evidence would survive Rule 403 because evidence of a particular officer's prior misconduct is properly considered in determining how the officer acted regarding the case in which he testifies.[8]

Federal Rule of Evidence 609(a)(1) allows "impeachment of a witness other than the accused by evidence of conviction of a crime that was punishable by death or imprisonment in excess of one year and the court determines that the probative value of admitting the evidence outweighs its prejudicial effect."[9] Defendant Thompson has stated he intends to call Mr. Stewart.[10] On September 7, 2016, Mr. Stewart was sentenced to one year of probation as a result of his pleading guilty to the theft of government funds, in violation of Title 18, United States Code, Section 641.[11] Under this statute, Mr. Stewart faced a maximum possible of ten years imprisonment.[12] Rule 609(a)(1) clearly states a witness may be impeached by a criminal conviction "for a crime that, in the convicting jurisdiction, *was punishable* by death or imprisonment for more than one year."[13] With respect to Federal Rule of Evidence 609, the actual sentence Mr. Stewart received is irrelevant[14]

---

[6] *Id.* (quoting *United States v. Harris*, No. 10-285, 2011 WL 6130747, at *2 (E.D. La. Dec. 8, 2011)).
[7] *Harris*, 2011 WL 6130747, at *2.
[8] *Id.*
[9] *United States v. Charles*, 366 F. App'x 532, 541 (5th Cir. 2010) (citing FED. R. EVID. 609(a)(1)).
[10] R. Doc. 176, at 1.
[11] *See* R. Doc. 176-3.
[12] 18 U.S.C. § 641.
[13] FED. R. EVID. 609(a)(1) (emphasis added).
[14] *See, e.g., Smith v. Tidewater Marine Towing, Inc.*, 927 F.2d 838, 840 (5th Cir. 1991) (stating "Rule 609(a)(1) clearly applies to [the witness's] conviction" because although the witness was sentenced to

While Mr. Stewart's conviction clearly satisfies Federal Rule of Evidence 609(a)(1), evidence of his conviction is still subject to a Rule 403 analysis.[15] Rule 403 of the Federal Rules of Evidence provides, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needless presenting cumulative evidence."[16] The Fifth Circuit has cautioned "because it permits a trial court to exclude concededly probative evidence, Rule 403 is an extraordinary remedy which should be used sparingly."[17] As the Fifth Circuit noted in *United States v. McRae*:

> Relevant evidence is inherently prejudicial; but it is only unfair prejudice substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403. Unless trials are to be conducted on scenarios, on unreal facts tailored and sanitized for the occasion, the application of Rule 403 is meant to relax the iron rule of relevance, to permit the trial judge to preserve the fairness of the proceedings by exclusion despite its relevance.[18]

Although the rule is to be used sparingly, "A district court has broad discretion in assessing admissibility under Rule 403."[19]

In his opposition, Defendant Thompson states he plans to call Mr. Stewart to testify as a fact witness.[20] Defendant Thompson argues Mr. Stewart is a relevant fact witness in this case for the following reasons: (1) he was the Narcotics Unit Supervisor of the Terrebonne Sherriff's Office who led the investigation; (2) he was the direct supervisor

---

supervised probation for four years, the statute he was found guilty under was punishable by imprisonment for up to 3 ½ years.).
[15] *See* FED. R. EVID. 609(a)(1)(A).
[16] FED. R. EVID. 403.
[17] *United States v. Thevis*, 665 F.2d 616, 633 (5th Cir. 1982).
[18] *United States v. McRae*, 593 F.2d 700, 707 (5th Cir. 1979).
[19] *United States v. Morris*, 79 F.3d 409, 412 (5th Cir. 1996).
[20] R. Doc. 176.

of Russell Hornsby, Jr., the Government's case agent; (3) he has direct personal knowledge of the many details of the investigation; and (4) he was directly involved in the chain of custody of the drugs.[21] If Mr. Stewart is called to testify, evidence of his misconduct will be relevant because it is probative as to his truthfulness *vel non*.[22] As the court decided in *Harris*, this Court finds such evidence survives Rule 403 because evidence of a particular officer's prior misconduct is properly considered in determining how the officer acted regarding the case in which he testifies.[23]

For the foregoing reasons, **IT IS ORDERED** that the Government's motion *in limine*[24] is **GRANTED.** Defendants are instructed not to refer to any alleged misconduct regarding officers who do not testify at trial. If Darryl B. Stewart is called to testify, pursuant to the Federal Rules of Evidence, the Defendants may challenge his credibility through the introduction of evidence of his own misconduct.

**New Orleans, Louisiana, this 3rd day of November, 2016.**

                                                  */s/ Susie Morgan*
                                         **SUSIE MORGAN**
                              **UNITED STATES DISTRICT JUDGE**

---

[21] R. Doc. 176, at 1-2.
[22] *See* FED. R. EVID. 608(b) (permitting a court, on cross-examination, to allow evidence of specific instances of a witness's conduct to attack her character for truthfulness, if such instances are probative of the witness's character for truthfulness or untruthfulness); *see, e.g., Harris*, 2011 WL 6130747, at 2.
[23] *See, Harris*, 2011 WL 6130747, at 2.
[24] R. Doc. 167.