# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 14-153** |
| **AKARI WILLIAMS, ET AL.** | **SECTION: "E" (4)** |

## ORDER AND REASONS

On October 24, 2016, the Government filed its notice of intent to use evidence.[1] On October 31, 2016, Defendant Phillips Thompson filed an opposition to the Government's notice of intent.[2] On November 3, 2016, the Government filed a reply memorandum in support of its notice of intent.[3] The Court will treat Defendant Thompson's opposition as a motion *in limine*.[4]

For the reasons that follow, Defendant Thompson's motion *in limine* is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

The Government provided notice of its intent to present bank records and tax records from approximately 2012 through 2016 that will show how Defendants Thompson and Williams transferred money, concealed transactions and concealed profits in furtherance of the conspiracy. The Government contends this evidence is intrinsic to the charged conduct as it shows evidence of the conspiracy – the breadth of its membership and scope, how the Defendants paid for the drugs, how they profited, and

---

[1] R. Doc. 163.
[2] R. Doc. 174.
[3] R. Doc. 191.
[4] *See, e.g. United States v. Nunez et al.*, 2016 WL 3746573, at *1 (E.D. La. Jul. 8, 2014) (in which the court treated the defendant's opposition to the government's notice of intent as a motion *in limine*).

1

how they concealed the profits and deposits with the accounts of third parties, all of which is direct evidence of the drug trafficking conspiracy itself.

In addition, the Government provided notice of its intent to present witness testimony establishing Defendants Thompson and Williams have known each other for an extended period of time. The Government has notified the Defendants that its witnesses will testify as to previous dealing in illicit drugs with the Defendants prior to 2013. The Government contends this evidence is also intrinsic because the cooperating witnesses will provide important background information and context and will help the jurors understand this conduct was not an accident and developed over a course of time.

While the Government maintains the financial records and witness testimony described above are intrinsic to the charged conspiracy, the Government alternatively argues this evidence is permissible extrinsic evidence under Federal Rule of Evidence 404(b) as it is probative of the Defendants' knowledge, intent and modus operandi.

## STANDARD OF LAW

"Evidence of an uncharged offense arising out of the same transactions as the offense charged in the indictment is not extrinsic evidence within the meaning of Rule 404(b)."[5] Generally, evidence of other acts is intrinsic "when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined; or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged."[6] The Fifth Circuit has explained, "It is well established that where a conspiracy is charged, acts that are not alleged in the indictment may be admissible as part of the

---

[5] *United States v. Maceo*, 947 F.2d 1191, 1199 (5th Cir. 1991).
[6] *United States v. Freeman*, 434 F.3d 369, 374 (5th Cir. 2005) (quoting *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990)).

Government's proof."[7] "Evidence is intrinsic to a conspiracy if it is relevant to establish how the conspiracy came about, how it was structured, and how the [defendant] became a member."[8] "This evidence is admissible to complete the story of the crime by proving the immediate context of events in time and place."[9] "Intrinsic evidence does not implicate Rule 404(b), and 'consideration of its admissibility pursuant to Rule 404(b) is unnecessary.'"[10]

Federal Rule of Evidence 404(b) governs the introduction of extrinsic evidence. Under Federal Rule of Evidence 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."[11]

In order to be admissible under Rule 404(b), the evidence in question must satisfy the two-prong analysis articulated in *United States v. Beechum*.[12] "First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character."[13] As a threshold matter, the relevancy of extrinsic act evidence is conditioned on whether the defendant, in fact, committed the extrinsic act.[14] Rule 104(b) of the Federal Rules of Evidence states: "When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact

---

[7] *United States v. Watkins*, 591 F.3d 780, 785 (5th Cir. 2009).
[8] *Id.* at 784 (citing *United States v. Nichols*, 750 F.2d 1260, 1265 (5th Cir. 1985)).
[9] *United States v. Coleman*, 71 F.3d 154, 156 (5th Cir. 1996).
[10] *Id.* (quoting *United States v. Garcia*, 27 F.3d 1009, 1014 (5th Cir.), *cert. denied*, 513 U.S. 1009 (1994)).
[11] FED. R. EVID. 404(b).
[12] *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).
[13] *Id.*
[14] *Id.* at 912. *See also U.S. v. Gutierrez-Mendez*, 752 F.3d 418, 423 (5th Cir.) *cert. denied*, 135 S. Ct. 298 (2014).

does exist. The court may admit the proposed evidence on the condition that the proof be introduced later."[15] "Therefore, as a predicate to a determination that the extrinsic offense is relevant, the Government must offer proof demonstrating that the defendant committed the offense. If the proof is insufficient, the judge must exclude the evidence because it is irrelevant" under Rule 104(b).[16]

When "determin[ing] whether there is sufficient evidence for the jury to find the defendant in fact committed the extrinsic offense[,] . . . [t]he judge need not be convinced beyond a reasonable doubt that the defendant committed the extrinsic offense," and the Government need not "come forward with clear and convincing proof."[17] Rather, the standard for the admissibility of extrinsic offense evidence is whether there is evidence sufficient to permit a reasonable jury to find the preliminary facts by a preponderance of the evidence.[18]

Once this threshold is met, the Court must look at other indicia of relevance. When determining whether extrinsic act evidence is relevant to an issue other than the defendant's character, as required to be admissible under 404(b), "relevance is a function of [the extrinsic offense's] similarity to the offense charged."[19] "[S]imilarity means more than that the extrinsic and charged offense have a common characteristic"—the common characteristic must be "the significant one for the purpose of the inquiry at hand."[20]

The second step of the *Beechum* test is that "the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other

---

[15] FED. R. EVID. 104(b).
[16] *Beechum*, 582 F.2d at 912–13; *Gutierrez-Mendez*, 752 F.3d at 423.
[17] 582 F.2d at 913.
[18] *Id*; *U.S. v. Anderson*, 933 F.2d 1261, 1269 (5th Cir. 1991) (citing *Huddleston v. U.S.*, 485 U.S. 681, 688–90 (1988)).
[19] *Id.*
[20] *Id.* (internal quotation marks and citation omitted).

requirements of rule 403."[21] "The task for the court in its ascertainment of probative value and unfair prejudice under rule 403 calls for a commonsense assessment of all the circumstances surrounding the extrinsic offense."[22] "Some of the factors [a court] must consider include: (1) the extent to which the defendant's unlawful intent is established by other evidence; (2) the overall similarity of the extrinsic and charged offenses; and (3) how much time separates the extrinsic and charged offenses because temporal remoteness depreciates the probity of the extrinsic offense."[23]

## DISCUSSION

### I.    Bank Records and Tax Returns from 2012 to 2016

The Government argues financial evidence, consisting of bank records and tax returns from 2012 to 2016, is intrinsic evidence because it is inextricably intertwined into the charged conspiracy.[24] Defendant Thompson argues the financial evidence the Government seeks to introduce is extrinsic to the charged conspiracy.[25] First, Defendant Thompson argues, "In essence, the Government concedes that the evidence it intends to introduce here is not part of the conspiracy itself."[26] Thompson argues the conspiracy charged is principally based from May 2013 until the time of the indictment in February 2015 and therefore, he "requests at a minimum that the Government be limited to introducing financial transactions that occurred within a reasonable time period of the shipped package on May 27, 2014."[27]

---

[21] 582 F.2d at 911.
[22] *Id.* at 914.
[23] *United States v. Adair*, 436 F.3d 520, 525 (5th Cir. 2006) (quoting *Beechum*, 582 F.2d at 915) (internal quotations omitted).
[24] R. Doc. 163, at 4.
[25] R. Doc. 174, at 1.
[26] *Id.* (citing R. Doc. 163, at 5). It appears Defendant Thompson believes the Government has conceded this point in its stating that the records provide "background of the conspiracy" and because some of the records fall outside the period charged in the indictment.
[27] R. Doc. 174, at 4.

As the Fifth Circuit has explained, "We have held before that the government is not limited to overt acts pleaded in proving a conspiracy. It may show other acts of the conspirators occurring during the life of the conspiracy."[28] In *United States v. Powers*, the Fifth Circuit upheld the introduction of transactions not alleged in the indictment as intrinsic evidence after finding the "transactions tend to show the conspiratorial relationship between [co-conspirators] during the life of the conspiracy."[29] In addition, in *United States v. Lorenzana-Cordon*, the court explained, "The financing of drug transactions and the movement of money constitute overt acts performed contemporaneously with, and directly in furtherance of, the charged [cocaine importation] conspiracy."[30]

The Court finds that the bank and tax records from the time period of the charged conspiracy are intrinsic evidence as they are inextricably intertwined and show the conspiratorial relationship between the co-conspirators during the life of the conspiracy. As explained above, the Fifth Circuit has reiterated "evidence of how the conspiracy came about, how it was structured, and how the [defendant] became a member is intrinsic evidence to the charged conduct."[31] The Government has sufficiently alleged the financial records will demonstrate "how the [D]efendants paid for methamphetamine, how they profited from it, and how they concealed their actions from detection of law enforcement."[32] Furthermore, the Court finds the evidence of bank and tax records from the time period of the charged conspiracy also is intrinsic as it demonstrates how the conspiracy itself was structured. The Defendant Thompson's motion in limine is

---

[28] *United States v. Quesada*, 512 F.2d 1043, 1046 (5th Cir. 1975).
[29] *United States v. Powers*, 168 F.3d 741, 749 (5th Cir. 1999).
[30] 141 F. Supp. 3d 35, 45 (D.D.C. 2015).
[31] *Watkins*, 591 F.3d 784 (citing *Nichols*, 750 F.2d at 1265).
[32] R. Doc. 163, at 2.

**DENIED** to the extent that it seeks to exclude bank and tax records during the time period between May 1, 2013 and February 27, 2015 as these records are intrinsic evidence.[33]

The Court finds the bank and tax records outside of this charged period are extrinsic and therefore subject to Rule 404(b) and the two-prong *Beechum* test. With respect to the first prong required by *Beechum*, the Court finds the Government has not satisfied its burden by clearly articulating how the proposed 404(b) evidence is relevant to the charged conduct.[34] As explained in *Brown*:

> It is not enough for the Government to merely identify a valid non-propensity purpose under Rule 404(b)(2). Crucially, the Government must also show that the evidence is relevant to that purpose. To do so, the prosecution 'must clearly articulate how that evidence fits into a chain of logical inferences, no link of which can be the inference that because the defendant committed the proffered prior offense, he therefore is more likely to have committed the charge offense.[35]

The Government argues the bank and tax records from during the conspiracy will demonstrate the breadth of its membership and scope, how the Defendants paid for the drugs, how they profited, and how they concealed the profits and deposits with the accounts of third parties. The Government has not, however, clearly explained how bank and tax records from before or after the conspiracy are inextricably intertwined with the charged conduct. The Government also has not clearly explained how bank and tax records outside of the time period of the conspiracy are relevant to an issue other than the

---

[33] In its reply memorandum in support of its notice of intent, the Government states the indictment returned by the grand jury charges a conspiracy over a period of time from May 1, 2013 through February 27, 2015. R. Doc. 191, at 1 (citing R. Doc. 36, at 1).

[34] *See United States v. Brown*, 765 F.3d 278 (3d Cir. 2014). The Third Circuit employs an almost identical test to the Fifth Circuit's requirements for admitting 404(b) evidence first articulated in *Beechum*. *See id.* at 291.

[35] *Id.* at 292-93 (internal citations omitted).

defendant's character. Therefore, the Government has not sufficiently demonstrated how this evidence satisfies the first prong of the *Beechum* analysis.

The evidence in question also fails to satisfy the second prong of the *Beechum* analysis which requires the Court to determine whether the probative value of the extrinsic evidence is substantially outweighed by its prejudicial effect.[36] As the Fifth Circuit explained in *United States v. Kinchen*, one of the factors determining whether the prejudicial effect of the extrinsic evidence substantially outweighs its probative value is the Government's need for the extrinsic evidence.[37] Although the burden on the Government to demonstrate intent is substantial, the Government has not adequately demonstrated a need for the introduction of extrinsic bank and tax records. As a result, the Court finds that with respect to tax and bank records from periods outside the charged conspiracy, Defendant Thompson's motion is **GRANTED**. The Government may not be introduce tax and bank records from before or after the period between May 1, 2013 and February 27, 2015. Otherwise, Defendant Thompson's motion is **DENIED**.

## II.    Cooperating Witness Testimony

The Government argues testimony of two cooperating witnesses should be permitted as intrinsic evidence. Specifically, the Government argues the cooperating witnesses will testify as to prior drug deals they have participated in with Defendants Thompson and Williams and related information. The Government represents the first cooperating witness will testify he has knowledge Williams began selling methamphetamine in 2013, that Williams began selling cocaine as early as 2009, that

---

[36] 582 F.2d at 911.

[37] 729 F.3d 466, 473 (citing *United States v. Sanchez*, 988 F.2d 1384, 1394 (5th Cir. 1993)). *See also Beechum*, 582 F.2d at 914 (The probative value of extrinsic evidence may be measured whether and to what extent the accused's motive, intent or other characteristic "is established by other evidence, stipulation, or inference.").

Williams received packages from California and Thompson was involved in the conspiracy. The second cooperating witness will also testify Thompson sold drugs for approximately 20 years, Thompson first began by selling cocaine and then transitioned to crack cocaine and methamphetamine and Williams continued to deal cocaine through approximately the summer of 2013, at which time he transitioned to methamphetamine. The second cooperating witness will testify that Williams and Thompson began selling methamphetamine after it became a popular drug in Houma, Louisiana around 2013. Defendant Thompson argues this proposed testimony is extrinsic to the charged conduct and should be excluded as it fails to meet the requirements of Rule 404(b) as set out in the two-step *Beechum* test.

To the extent the Government's cooperating witnesses will testify based on personal knowledge regarding methamphetamine drug sales by the Defendants during the conspiracy, the Court finds this testimony is intrinsic to the charged conspiracy. In addition, the witnesses' testimony regarding firsthand knowledge of packages containing methamphetamine shipped to Louisiana from California during the conspiracy is also intrinsic to the charged conspiracy.

The Court finds the cooperating witnesses' testimony regarding alleged previous drug transactions with Thompson and Williams prior to or after the conspiracy is extrinsic to the charged conspiracy. While the Fifth Circuit has upheld the introduction of evidence of drug transactions prior to the charged conspiracy as intrinsic evidence, the circumstances under which the Fifth Circuit has found such testimony to be intrinsic are distinguishable from the case currently before this Court. For example, a number of cases cite *United States v. Wilson* for the proposition that evidence of a drug transaction that was not part of the crime charged may nonetheless be admissible as intrinsic evidence

9

because it is "part of the background facts surrounding the commission of the crime."[38]
In *Wilson*, however, the prior drug transaction had taken place between the witness, who
was also the purchaser during the illicit sale discussed in the indictment, and the
defendant. The Fifth Circuit, after heavily criticizing the prosecutor for attempting to
bring in this prior evidence, found no reversible error because the evidence was
introduced "merely to complete [the witness's] account of his dealings with [the
defendant]."[39] In essence, the prior drug transaction demonstrated the witness, who was
also the purchaser of the drugs in the charged conduct, and the defendant had an ongoing
transactional relationship and that the witness expected the defendant would in fact sell
him the drugs in question.

The Fifth Circuit also addressed the introduction of witness testimony regarding
prior drug deals with the defendant in *United States v. Miranda*.[40] In *Miranda*, the
district court allowed the introduction of this evidence in as intrinsic evidence, or, in the
alternative, as extrinsic evidence to demonstrate intent under 404(b). The Fifth Circuit
found the defendant on appeal focused "solely on whether the testimony [in question
could] withstand a *Beechum* analysis. The *Miranda* court, citing *United States v. Aleman*,
explained, "We conclude that the district court did not abuse its discretion in viewing [the
witness'] testimony about her earlier drug purchases from [the defendant] as background
information establishing the connection between a witness and a defendant.[41] The Court
finds the *Miranda* court's citation of *Aleman* instructive. In *Aleman*, the Fifth Circuit
found a witness' testimony concerning a cocaine transaction to be intrinsic evidence in a

---

[38] *See, e.g.*, *United States v. Miranda*, 248 F.3d 434, 440 (5th Cir. 2001)(quoting *United States v. Wilson*, 578 F.2d 67, 72 (5th Cir. 1972)).
[39] *Wilson*, 248 F.2d at 72.
[40] 248 F.3d at 440.
[41] *Id.* (citing *United States v. Aleman*, 592 F.2d 881, 884 (5th Cir. 1979).

case where the defendant was charged as part of a conspiracy to possess heroine with the intent to distribute.[42] In *Aleman*, however, the Fifth Circuit found, "The cocaine transaction objected to here was an integral part of the crucial meeting between [the witness] and [the defendant]."[43] In fact, the witness and the defendant had only originally met with the purpose of discussing a cocaine purchase.[44] It was only at this meeting where the defendant mentioned a heroin transaction and also distributed the cocaine.[45]

The nexus described between the prior drug transactions and the charged conspiracy in *Wilson*, *Miranda* and *Aleman* is not found in the case currently before this Court. The testimony regarding prior drug sales by the Defendants to the Government's witnesses appear to be factually unconnected to the conspiracy charged in the superseding indictment. As a result, the Court finds the proposed testimony by the cooperating witnesses regarding drug transactions prior to and after the conspiracy is extrinsic to the conduct charged in the superseding indictment.

As the prior drug transactions in this case are extrinsic, the Court must apply the two-step *Beechum* test in order to determine whether the evidence satisfies Rule 404(b) of the Federal Rules of Evidence. With respect to the first prong of the *Beechum* test, the Government asserts the testimony of the cooperating witnesses will be useful to the jury in evaluating the intent, knowledge, and the plan or modus operandi of Defendants Thompson and Williams.[46] "In the context of a conspiracy case, the mere entry of a not guilty plea sufficiently raises the issue of intent to justify the admissibility of extrinsic

---

[42] *Aleman*, 592, F.2d at 884.
[43] *Id.*
[44] *Id.* at 883.
[45] *See id.*
[46] R. Doc. 163, at 12.

offense evidence."[47] The Fifth Circuit has also "repeatedly held . . . that a prior drug transaction is relevant to intent in a drug conspiracy case."[48] As part of this analysis, the Government must also put forth evidence that the Defendant(s) did in fact commit the extrinsic offense.[49] In *Osorio*, however, the Fifth Circuit has explained:

> Although a preliminary judicial finding under Rule 104(a) that the extrinsic act occurred is not required, relevancy does command the proponent of 404(b) testimony to tender sufficient proof to permit a reasonable jury to find the existence of the conduct by a preponderance of the evidence. The standard of proof of such preliminary facts is "relatively light."[50]

As the Fifth Circuit has routinely allowed the government to introduce evidence of extrinsic prior drug transactions, the Court finds that the Government has satisfied its burden in demonstrating the testimony made by its cooperating witnesses will satisfy the first prong of the *Beechum* test.

With respect to the second prong of the *Beechum* test, this Court recognizes that "The purpose of Rule 404(b) is to guard against the inherent danger that the admission of 'other acts' evidence might lead a jury to convict a defendant not of the charged offense, but instead of an extrinsic offense. Where the extrinsic activity did not result in a conviction, this danger is particularly great."[51] While the evidence the Government seeks to introduce clearly involves extrinsic conduct that did not result in a conviction, the Court finds that such testimony is not unduly prejudicial under Federal Rule of Evidence 403. As explained above, courts within this circuit have frequently allowed the introduction of similar extrinsic evidence after a complete evaluation under *Beechum*. As the testimony

---

[47] *United States v. Gordon*, 780 F.2d 1165, 1174 (5th Cir. 1986).
[48] *United States v. Osorio*, 288 F.App'x 971, 975 (5th Cir. 2008).
[49] *Beechum*, 582 F.2d at 912–13; *Gutierrez-Mendez*, 752 F.3d at 423.
[50] 288 F.App'x at 975 (internal citations omitted).
[51] *United States v. Crawley*, 533 F.3d 349, 353 (5th Cir. 2008).

in question satisfies both prongs of *Beechum*, the Government may call its witnesses to testify as to their previous drug transactions with the Defendants.

With respect to the other testimony the government wishes the cooperating witnesses to give, when Thompson began selling cocaine, how long Thompson has sold drugs, and Thompson's transition from cocaine to methamphetamine is excluded as not being intrinsic and not meeting the requirements of the *Beechum* test.

Accordingly, the Defendant Thompson's motion in *limine* with respect to the cooperating witnesses is **DENIED** in part and **GRANTED** in part**.**

## CONCLUSION

**IT IS ORDERED** that the Defendant Thompson's motion *in limine*[52] is **GRANTED IN PART** and **DENIED IN PART**. With respect to the bank and tax records, the Government may introduce only records from the time period of the conspiracy.[53] With respect to the testimony of the cooperating witnesses, the Government may introduce testimony reflecting any methamphetamine drug transactions during the time period of the conspiracy as intrinsic evidence. The Government may introduce testimony regarding the cooperating witnesses' firsthand knowledge of packages of methamphetamine that were shipped from California during the time period of the conspiracy as intrinsic evidence. The Government also may introduce testimony regarding drugs purchased by the cooperating witnesses from the Defendants prior to or after the time period of the conspiracy as extrinsic evidence under Rule 404(b).

---

[52] R. Doc. 163.
[53] The time period of the charged conspiracy is defined as May 1, 2013 to February 27, 2015.

Otherwise, the cooperating witnesses' testimony is excluded as not being intrinsic and not meeting the requirements of the *Beechum* analysis.

**New Orleans, Louisiana, this 6th day of November, 2016.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**