UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 14-153 |
| AKARI WILLIAMS, ET AL. | SECTION: "E" (4) |

### ORDER AND REASONS

Before the Court is the Government's motion *in limine* to preclude the Defense from relitigating suppression motions at trial.[1] The motion is opposed.[2]

On June 27, 2016, the Court issued an Order denying Defendant Philips Thompson's motion to suppress all evidence, and any fruits thereof, obtained through the May 27, 2014 search of a package, and through the July 22, 2014 seizure of Thompson's cell phone.[3] The Court made three findings: (1) Defendant Thompson did not have standing to object to the search of the package, (2) the search of the package by the UPS store owner did not violate the Fourth Amendment, and (3) although the warrant to seize Thompson's phone was invalid, the seizure was permissible under the Fourth Amendment under the plain-view exception.[4]

The Government now seeks to preclude the Defendants from "relitigating suppression motions at trial."[5]

1. The Government seeks to exclude any argument that the relationship between the UPS store and the San Bernardino Sheriff's deputies amounted to an agency

---

[1] R. Doc. 164.
[2] R. Doc. 173.
[3] R. Doc. 118.
[4] *See generally id.*
[5] R. Doc. 164.

relationship.[6] The Defendants contend the nature of the UPS store owner's relationship with the San Bernardino Sheriff's deputies is relevant to establish the store owner's motivation, bias, and credibility.[7] The Court has already held that the relationship between the UPS store owner and the government did not amount to an agency relationship.[8] Accordingly, the Government's motion with respect to any argument that the UPS store owner and the government engaged in an agency relationship is **GRANTED**.

2. The Government seeks to exclude any inquiry into the UPS store owner's prior history of reporting suspicious packages to law enforcement.[9] The Defendants contend the store owner's prior history of reporting suspicious packages is relevant to her credibility because she gave conflicting accounts of how she handled and reported the package in this case.[10] The Government's motion with respect to excluding any inquiry into the UPS store owner's prior history of reporting suspicious packages to law enforcement is **DENIED**. The Defendants may address on cross-examination the UPS store owner's prior history of reporting suspicious packages for the purposes of attacking her credibility, impeachment, and attacking the adequacy of the chain of custody.[11]

---

[6] R. Doc. 164-1 at 7.
[7] R. Doc. 173 at 6.
[8] R. Doc. 118 at 15–20.
[9] R. Doc. 164-1 at 7.
[10] R. Doc. 173 at 6.
[11] *See Davis v. Alaska*, 415 U.S. 308, 318 (1974) ("[D]efense counsel should [be] permitted to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness."); *U.S. v. Hall*, 653 F.2d 1002, 1007–08 (5th Cir. 1981) ("A trial court has considerable discretion in limiting the scope and extent of cross-examination in a criminal trial, so long as the defendant's sixth amendment right of confrontation is not impinged.").

3. The Government seeks to exclude any inquiry into the UPS store owner's motivation in reporting the suspicious package to law enforcement.[12] The Defendants contend this speaks to the store owner's credibility.[13] The Government's motion with respect to excluding any inquiry into the UPS store owner's motivation in reporting the suspicious package to law enforcement is **DENIED**. The Defendants may address on cross-examination the UPS store owner's motivation in reporting the suspicious package for the purposes of attacking her credibility, impeachment, and attacking the adequacy of the chain of custody.[14]

4. The Government seeks to exclude any argument that law enforcement officers improperly obtained a search warrant from a Terrebonne Parish judge to seize property in another parish.[15] Although the Defendants represent they will not argue the constitutionality of the search, the Defendants contend they can introduce the law enforcement officers' mistaken acts and omissions.[16] The Government's motion with respect to excluding any argument that law enforcement officers improperly obtained a search warrant is **GRANTED**. Agent Hornsby's failure to obtain a warrant in the parish in which he effectuated the seizure of Thompson's phone bears little relevance under

---

[12] R. Doc. 164-1 at 7.
[13] R. Doc. 173 at 6.
[14] *See Davis v. Alaska*, 415 U.S. 308, 318 (1974) ("[D]efense counsel should [be] permitted to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness."); *U.S. v. Hall*, 653 F.2d 1002, 1007–08 (5th Cir. 1981) ("A trial court has considerable discretion in limiting the scope and extent of cross-examination in a criminal trial, so long as the defendant's sixth amendment right of confrontation is not impinged.").
[15] R. Doc. 164-1 at 7.
[16] R. Doc. 173 at 6–7.

Federal Rule of Evidence 401 to the chain of custody of the package of drugs.[17] Even if questions with respect to Agent Hornsby's "sloppy police work" have some probative value, the Court finds this evidence would "shift[] the jury's focus from the accusations against [the Defendants] to accusations against the police,"[18] creating a danger of unfair prejudice and jury confusion that substantially outweighs the probative value.[19]

5. The Government seeks to exclude any argument that law enforcement officers did not have probable cause to believe Thompson's phone contained evidence of a crime.[20] The Defendants responded that they do not intend to make this argument at trial.[21] Accordingly, the Government's motion with respect to this argument is **GRANTED**.

6. The Government seeks to exclude any argument that officers otherwise unconstitutionally seized the package of methamphetamine or Thompson's cell phone.[22] The Defendants responded that they do not intend to make this argument at trial.[23] Accordingly, the Government's motion with respect to this argument is **GRANTED**.

7. The Government seeks to exclude any argument that the search warrants in this case were otherwise invalid.[24] Although the Defendants represent they will not argue the constitutionality of the search, the Defendants contend they can

---

[17] *U.S. v Patrick*, 248 F.3d 11, 22 (1st Cir. 2001) (citing *U.S. v. Veal*, 23 F.3d 985, 989 (6th Cir. 1994) ("Merely showing that an investigation is sloppy does not establish relevance.").
[18] *Patrick*, 248 F.3d at 23.
[19] FED. R. EVID. 403.
[20] R. Doc. 164-1 at 7.
[21] R. Doc. 173 at 7.
[22] R. Doc. 164-1 at 7.
[23] R. Doc. 173 at 7.
[24] R. Doc. 164-1 at 7.

introduce the mistaken acts and omissions of the law officers involved in the seizure of Thompson's phone.[25] The Government's motion with respect to excluding any argument that the search warrants were invalid is **GRANTED**.[26]

**New Orleans, Louisiana, this 6th day of November, 2016.**

```
              _____
                   SUSIE MORGAN
              UNITED STATES DISTRICT JUDGE
```

---

[25] R. Doc. 173 at 6–7.
[26] See the Court's ruling in section 4 with respect to the relevance of the officer's mistaken acts and omissions.