## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 14-153** |
| **AKARI WILLIAMS, ET AL.** | **SECTION: "E" (4)** |

### ORDER AND REASONS

The Government filed its trial memorandum, bringing forward two evidentiary issues.[1] The Defendant Thompson responded, asserting his own evidentiary issues in his opposition.[2] The Court will treat these documents as a motions *in limine*.[3]

I.   Jail Call

In its trial memorandum, the Government represents that it intends to introduce a portion of a jail call made by Akari Williams on May 31, 2014[4] in which the Government alleges he tries to warn Philips Thompson of the law enforcement investigation. The Government argues the call is admissible against Williams as an opposing party's statement under Federal Rule of Evidence 801(d)(2).[5] The Government further contends the call is admissible against Thompson because Williams is his co-conspirator who made the statement during and in furtherance of the conspiracy.[6] A statement is admissible if it "is offered against an opposing party and . . . was made by the party's co-conspirator

---

[1] R. Doc. 172.
[2] R. Doc. 189.
[3] *See, e.g. United States v. Nunez et al.*, 2016 WL 3746573, at *1 (E.D. La. Jul. 8, 2014) (in which the court treated the defendant's opposition to the government's notice of intent as a motion *in limine*).
[4] The transcript of the jail call was marked as Government Ex. 27A at trial.
[5] R. Doc. 172, at 1.
[6] *Id.*

during and in furtherance of the conspiracy."[7] The Defendant argues the Government may not play only a portion of the call, but instead must play the entirety of the call.[8]

In its Order on Defendant Thompson's motion *in limine*, the Court excluded the jail call that the Government sought to introduce, finding the Government had not satisfied its burden of demonstrating the statements in the calls were made in furtherance of an ongoing conspiracy, and therefore the call was not subject to the co-conspirator hearsay exception.[9] The Government has informed the Court and defense counsel that it will reurge its request that the evidence be admitted once it has submitted evidence sufficient to show the statements in the jail call were made in furtherance of an ongoing conspiracy. The Court defers any further ruling on this issue.

II.    Lay Opinion Testimony of Robert Glenn

The Government seeks to offer lay opinion testimony of former IRS Agent Robert Glenn that defendants used "funnel accounts" to hide financial transactions that were made in furtherance of the drug conspiracy.[10] The Government describes Robert Glenn as a financial analyst/forensic accountant who has worked at both the Internal Revenue Service and the Department of Justice. The Defendant contends this is inappropriate expert opinion testimony.[11]

Forensic accounting is "a practice that involves the application of accounting, auditing, and investigative skills to analyze . . . financial records."[12] As a result, the

---

[7] Fed. R. Evid. 801(d)(2)(E).
[8] R. Doc. 189.
[9] R. Doc. 208, at 15.
[10] R. Doc. 172, at 4.
[11] R. Doc. 189, at 5.
[12] *See Union Carbide Corp. & Subsidiaries v. CIR*, 97 T.C.M. (CCH) 1207 (T.C. 2009), *aff'd*, 697 F.3d 104 (2d Cir. 2012).

testimony of a forensic accountant typically is offered as that of an expert witness.[13] The Government did not disclose Robert Glenn as expert witness.[14]

In this case, the Government seeks to have Agent Glenn give lay opinion testimony with respect to Government Exhibit 34 based on his "experience as a forensic accountant regarding the modes and methods used to transfer money in a way to avoid detection and to conceal the identity of the sender and/or recipient."[15] The Government argues this testimony is relevant because it is evidence of the type of behavior typically employed by drug traffickers to conceal financial transactions and launder money. The Court finds that these opinions require specific expertise and therefore are in the nature of expert testimony. Agent Glenn will not be allowed to testify as an expert or lay witness with respect to the purpose of the transactions or whether this type of behavior is typically employed by drug traffickers to conceal financial transactions and launder money.

The Government contends Robert Glenn may give all or some part of the testimony as lay opinion. A lay witness may provide opinion testimony only if the testimony is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."[16] "[T]he distinction between lay and expert witness testimony is that lay testimony results from a

---

[13] *See, e.g.*, *Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 S.Ct. 1997, 2007 (2012) (contrasting experts, like forensic accountants, who decipher documentary evidence, with interpreters who provide real-time translation); *Gallagher v. Holt*, 2012 WL 3205175, at *14 (E.D. Cal. Aug. 3, 2012) ("Yet as a forensic accountant, [the witness] will 'unavoidably render opinions, observations, conclusions or statements based on [his] specialized education, training and experience."); *Hoot Winc, LLC v. RSM McGladrey Financial Process Outsourcing, LLC*, 2010 WL 3894966, at *2 (S.D. Cal. 2010) (holding a forensic account is an expert witness, not a lay witness); *Wing v. Kaye Scholer, LLP*, 2010 WL 5020576, at *2-3 (D. Utah 2010) (holding a forensic accountant is an expert witness, not a lay witness).
[14] The Government's deadline to disclose experts to defense was October 24, 2016, at 5:00 p.m. R. Doc. 157. On October 24, 2016, the Government filed its notice of expert testimony which did not include Robert Glenn. *See* R. Doc. 162.
[15] R. Doc. 172, at 7.
[16] FED. R. EVID. 701.

process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field."[17] In *U.S. v. Cooks*, the Fifth Circuit held that an agent of the Federal Deposit Insurance Company was not qualified to give expert testimony on the subject of mortgage fraud because he lacked sufficient experience.[18] In examining the agent's lay testimony, the court found the agent's testimony with respect to describing and summarizing the factual information and documents gathered throughout the investigation was permissible, but the agent's opinion regarding the legality of the defendant's scheme was inadmissible because his opinion required specialized "knowledge, skill, experience, training, or education" in mortgage fraud, which he lacked.[19]

In his response to the Government's trial memorandum, Defendant Thompson concedes, "Mr. Glenn should be permitted to testify as to the data that he crunched."[20] In addition, in his opposition to the Government's notice of intent, Defendant Thompson argued for the exclusion of financial records but requested, "at a minimum that the Government be limited to introducing financial transactions that occurred within a reasonable time period of the shipped package on May 27, 2014."[21] Defendants did not file any timely objections to the Government's proposed summary exhibits.[22]

In its Order on November 6, 2016, the Court held the Government may introduce bank and tax records from the time period of the charged conspiracy as intrinsic evidence

---

[17] *U.S. v. Cooks*, 589 F.3d 173, 180 (5th Cir. 2009).
[18] *Id.* at 179.
[19] *Id.* at 180. The Court ultimately found this to be harmless error by the district court because there was other extensive evidence that the transactions were fraudulent.
[20] R. Doc. 189, at 5.
[21] R. Doc. 174.
[22] *See* R. Doc. 207 (explaining no objections were brought to the Court's attention by the Court ordered deadline and that the parties confirmed there are no objections to the Government's summary exhibits at a status conference, prior to the start of trial, on Monday, November 8, 2016).

of how the conspiracy itself was structured.[23] The Court reasoned financial transactions made in furtherance of a drug conspiracy are intrinsic to the crime.[24] Financial evidence is intrinsic because it may show the extent of the conspiracy which is direct evidence of the existence of the drug trafficking conspiracy itself.[25] In addition, evidence allowing the jury to understand background information, such as the nature of the relationship between co-defendants, is considered intrinsic to a charged conspiracy.[26]

For the same reasons, the Court finds testimony regarding financial transactions that occurred during the same time period are intrinsic to the conspiracy charged in the superseding indictment. Agent Glenn may testify as a lay witness: (1) that the text messages on Exhibit 34 were found on Defendant Thompson's phone; (2) that the Government subpoenaed records of bank accounts mentioned in text messages on Defendant Thompson's phone; (3) that the Government identified transactions in those accounts near the dates of the text messages mentioning bank accounts; (4) that the withdrawal and deposit slips in Exhibit 34 were found in the subpoenaed bank records; and (5) the location of the banks where the deposits and withdrawals were made. Agent Glenn may not opine on the purpose of those transactions or that the accounts were "funnel accounts" or how drug conspiracies typically use funnel accounts to conceal or launder currency in furtherance of the conspiracy.

III.   <u>Overview Witness</u>

Defendant Thompson requests the Government be barred from using an overview witness to testify on disputed issues, when the testimony would be based on hearsay,

---

[23] R. Doc. 201, at 6. The time period of the charged conspiracy is defined as May 1, 2013 to February 27, 2015. *Id.* at 13 n.53.

[24] *See* R. Doc. 201 (citing *United States v. Lorenzana-Cordon*, 141 F.Supp. 3d 35, 45 (D.D.C. 2015).

[25] *See, e.g., United States v. Morris*, 46 F.3d 410, 421 (5th Cir. 1995).

[26] *United States v. Royal*, 972 F.2d 643, 648 (5th Cir. 1992)

would have no probative value, and would prejudice the Defendant by effectively giving the Government a second opening statement.[27] As explained in his opposition, Defendant Thompson anticipates the Government may attempt to use a case agent or other law enforcement witness to testify as an overview witness.[28] At a status conference following trial on Monday, November 7, 2016, the Government stated it does not plan to call an overview witness.

**IT IS ORDERED** that Defendant Thompson's motion precluding the Government from using an overview witness is **DENIED** as moot.

**New Orleans, Louisiana, this 9th day of November, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[27] R. Doc. 189, at 8. The Government has not briefed this issue.
[28] *Id.*